UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | |
|---|---|
| ONESOURCE FACILITY SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT G. MOSBACH, SHERRI L. FUCHS, and GULFSHORE FACILITY SERVICES, INC. a Florida Corporation <br><br> Defendants. | CASE NO. 2:05-CV-00525-TAW-DNF |

**PLAINTIFF'S MOTION IN LIMINE #1 AND SUPPORTING MEMORANDUM OF LAW TO EXCLUDE CERTAIN EVIDENCE REGARDING NON-SOLICITATION OF CUSTOMERS, ETC., PURSUANT TO FED. R. EVID. 401, 402, 403, and 404**

Plaintiff, ONESOURCE FACILITY SERVICES, INC., ("OneSource") by and through its undersigned counsel, hereby files its Motion in Limine #1 and Supporting Memorandum of Law to Exclude Certain Evidence regarding Non-Solicitation of Customers, etc., Pursuant to Fed. R. Evidence 401, 402, 403, 404 and in support thereof states as follows:

1. Plaintiff moves to exclude testimony and evidence regarding One Source customers who were <u>not</u> solicited by Defendants and/or did not enter into a business relationship with Defendants.

2. Plaintiff seeks to exclude all such evidence pursuant to Fed. R. Evid. 401, 402, 403, and 404 on the grounds that: (1) testimony regarding such issues is

irrelevant to any claim or defense; and (2) Plaintiff would be unfairly prejudiced by the admission at trial of such evidence.

## CERTIFICATE OF COMPLIANCE WITH M. D. L. R. 3.01(g)

On February 27, 2007, counsel for the parties held a telephone conference to discuss the instant motion and the relief requested herein. Counsel for Defendants indicated that they would oppose the instant motion.

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

**A.   Background Information**

Plaintiff has brought suit against the individual Defendants Mosbach and Fuchs alleging their violation, in concert with the corporate Defendant Gulfshore Facility Services, Inc. ("Gulfshore"), of the Confidentiality and Non-Solicitation Agreements ("Agreements") which both individual defendants entered into separately while employed by, and as a condition of their employment with, OneSource.

OneSource is engaged in outsourced facilities services including commercial cleaning, landscape and golf services, airline and airport support services and engineering operations and maintenance, and other similar services throughout the United States. OneSource provides these services to customers in, among other places, Collier and Lee Counties, Florida.

Both Mosbach and Fuchs, as management employees of OneSource, were required to sign Agreements which contained restrictive covenants, restricting for a period of eighteen (18) months after the termination of their employment their ability to, *inter alia*, solicit directly or indirectly, or seek to do business with, customers or customer prospects of OneSource or to hire or lure away, for themselves or through another,

OneSource employees.

Ass relevant here, Mosbach and Fuchs have violated their non-solicitation agreements, individually and through the mechanism of Gulfshore, by participating in an Invitation to Bid on work issued by one of OneSource's major customers (information which had been sent to Mosbach while still employed by OneSource), by indirectly soliciting OneSource customers through a purported published "announcement", and by calling upon known customers of OneSource and/or otherwise inducing or trying to induce some or all of those customers called upon to cancel their contracts with OneSource and become customers of Gulfshore. Defendants successfully induced a significant number of OneSource customers to become customers of Gulfshore.

**B.    Defendants Seek to Introduce Testimony from Customers Who Were Not Solicited To Leave OneSource**

Plaintiff anticipates that Defendants will seek to introduce testimony regarding former OneSource customers who (a) were <u>never</u> solicited by Defendants; and/or (b) never actually entered into a business relationship with Gulfshore.[1] Defendants are likely to introduce testimony regarding these former customers concerning their reasons for ending their individual business relationships with OneSource. Plaintiff anticipates that Defendants will seek to introduce evidence critical of OneSource's services and billing from such former OneSource customers. Plaintiff contends that evidence and/or testimony of this nature is not relevant to the issues presented in this case, creates unfair prejudice which outweighs the probative value of such evidence, and will confuse the jury. Accordingly, such evidence is inadmissible

---

[1] This is readily inferred from Defendants' Statement of the Case to be filed as part of the parties' Joint Final Pre-Trial Statement in this matter. Defendants have also asserted an affirmative defense to the same effect (See Tenth Affirmative Defense, Answer to Amended Verified Complaint. [Docket # 29] )

under the Federal Rules of Evidence 401, 402, and 403.

## ARGUMENT

**I.   THE COURT SHOULD EXCLUDE AT TRIAL ALL EVIDENCE OR TESTIMONY REGARDING CUSTOMERS WHO WERE NOT SOLICITED BY DEFENDANTS AS IT IS IRRELEVANT TO THE ISSUES IN THIS CASE**

### A.   General Rule of Relevancy

The Federal Rules of Evidence embrace the otherwise simple principle that "[a]ll relevant evidence is admissible [except as provided by law]" and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 401 defines "relevant evidence" as: "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Therefore, in order for evidence to be relevant for purposes of admissibility, such evidence must have a "tendency to prove a consequential fact." Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly proven in the case." Id. The relevancy question lies firmly within the discretion of the trial judge. Pesaplastic, C.A. v. Cincinnati Milacron Co., 750 F.2d 1516, 1524 (11th Cir. 1985); Copeland v. Gulf Oil Corp., 672 F.2d 867, 871 (11th Cir. 1982). The decision to exclude evidence is within the sound discretion of the trial court. Such decisions will not be reversed absent a clear showing of abuse of discretion and substantial prejudicial affect. Goulah v. Ford Motor Co., 118 F.3d 1478, 1483 (11th Cir. 1997); Judd v. Rodman, 105 F.3d 1339, 1341 (11th Cir. 1997); Feazell v. Tropicana Products, Inc. , 819 F.2d 1036, 1040 (11th Cir. 1987).

### B. Evidence of Non-Solicited Customers is Not Relevant

Courts have consistently refused to admit evidence of the type Defendants will seek to introduce. See Bongham v. Action Toyota, Inc., No. 00-1241, 2001 U.S. App. LEXIS 17128, **23-24 (4th Cir. Aug. 1, 2001) (affirming exclusion of testimony in breach of contract claim because of the absence of evidence linking two independent events); Miller v. Ford Motor Company, No. 2:01-cv-545-FtM-29DNF, 2004 U.S. Dist. LEXIS 29846, *20 (M.D. Fla. July 22, 2004) (excluding evidence as to statistics on the number of tires which have failed, other than the tire which was the subject of the litigation); Sims v. Mulcahy, 902 F.2d 524, 530-31 (7th Cir.), cert. denied, 498 U.S. 897 (1990) (affirming exclusion of evidence that defendant discriminated against another employee because the incident was not even within "hailing distance" for the plaintiff's allegations, and was too misleading to be admissible).

The principal issue before the Court is whether Defendants Mosbach and Fuchs have violated their non-solicitation agreements. Testimony by non-parties criticizing OneSource's services is not relevant to any issue before the Court. Such testimony is clearly unrelated to the issue of whether Defendants Mosbach and Fuchs engaged in solicitation. Such evidence does not establish the existence of any fact which is of consequence to the determination of whether Defendants improperly solicited OneSource's customers.

Plaintiff anticipates that Defendants will base their defense on the individual facts and circumstances behind <u>their</u> customers' particular reasons for ceasing to do business with OneSource. To refute Plaintiff's allegations of solicitation, Defendants will presumably attempt to establish the legitimacy of each business

relationship they established with former OneSource customers on a case by case basis. Thus, the only relevant evidence concerns the business entities that actually <u>became</u> customers of the Defendants. Accordingly, any testimony regarding business entities that did not ultimately become customers of Defendants or were not solicited by Defendants Fuchs and Mosbach is irrelevant and should be precluded from introduction into evidence.

## II. EVIDENCE AND TESTIMONY FROM OR REGARDING FORMER ONESOURCE CUSTOMERS WHO WERE NOT SOLICITED BY THE DEFENDANTS IS INADMISSIBLE UNDER RULE FED. R. EVID. 403

### A. Such Evidence is Not Probative and Would Be Prejudicial

Even assuming the Court found that testimony <u>un</u>related to the issue of Defendants' solicitation is somehow relevant, such evidence would still be inadmissible under Rule 403 of the Federal Rules of Evidence. Fed. R. Evid. 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The phrase "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 (Advisory Committee's Notes). <u>See</u> <u>Bhaya v. Westinghouse Elec. Corp.</u>, 922 F.2d 184, 187 (3d Cir. 1990) (affirming trial court's decision to exclude evidence with little relevance or probative value but substantial danger of unfair prejudice, confusion of the issues, or misleading the jury). In whole, evidence is prejudicial under Rule 403 where it appeals to an illegitimate basis for persuasion, and

thereby goes beyond proving the fact or issue it is offered to prove. United States v. 0.161 Acres of Land in Birmingham, 837 F.2d 1036, 1041 (11th Cir. 1988).

### B. Testimony Regarding OneSource Customers which Defendants Did Not Solicit is Unduly Prejudicial and should be Precluded

The admission of evidence or testimony at trial regarding former OneSource customers who Defendant's Mosbach and Fuchs did not solicit or did not enter into a business relationship with Gulfshore will be highly prejudicial to Plaintiff. Introduction of this testimony will only serve to distort the jury's understanding of the legal issues and facts of this case, invite speculation and focus the jury's attention away from the issue of whether Defendants improperly solicited Plaintiff's customers. If such evidence is offered in this matter, it is likely that the jury will assume an impermissible and unsubstantial connection between OneSource's alleged service deficiencies and the actual reason its customers chose to leave.

Additionally, the inevitable impact of allowing the Defendants to introduce this type of evidence will be to greatly increase the length of trial. See United States v. Johnson, 904 F. Supp. 1303, 1307 (M.D. Ala. 1995) (it is proper to exclude evidence which will send "the trial down a sidetrack") (citing United States v. Cole, 670 F.2d 35, 37 (5th Cir. 1982)). The admission of such collateral evidence and testimony would inevitably force Plaintiff to introduce unrelated testimony and evidence irrelevant to key issues to rebut Defendants' proffered evidence. Such a result would unnecessarily extend the length of trial, multiply the parties' trial expenses, and waste judicial resources, as well as the Court's, the parties' and the jury's time.

7

CASE NO. 2:05-CV-00525-TAW-DNF

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks that the Court to grant Plaintiff's Motion in Limine #1 to exclude evidence regarding non-solicitation of customers pursuant to Fed. R. Evid. 401, 402, 403, and 404.

Dated this 27th day of February 2007.

Respectfully submitted,

By: s/Thomas Mead Santoro
Thomas Mead Santoro, Esq.
Florida Bar No. 0829722
E-mail: *santorot@jacksonlewis.com*
Trial Counsel
David E. Block, Esq.
Florida Bar Number: 0108820
E-mail: *blockd@jacksonlewis.com*
Pedro J. Torres-Díaz, Esq.
Florida Bar No. 0019327
E-mail: *torresp@jacksonlewis.com*
JACKSON LEWIS
Attorneys for Plaintiff
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Vicky L. Sproat, Esq., 1715 Monroe Street, P.O. Box 280, Fort Myers, FL 33902-0208 this 27th day of February 2007.

s/Pedro J. Torres-Díaz
Pedro J. Torres-Díaz, Esq.