UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | | |
|---|---|---|
| ONESOURCE FACILITY SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:05-CV-00525-TAW-DNF |
| ROBERT G. MOSBACH, SHERRI L. FUCHS, and GULFSHORE FACILITY SERVICES, INC. a Florida Corporation | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION IN LIMINE #3 AND SUPPORTING MEMORANDUM OF LAW TO EXCLUDE CERTAIN EVIDENCE REGARDING THE ABSENCE OF TRANSITION PLANS, <u>PURSUANT TO FED. R. EVID. 401, 402, and 403</u>**

Plaintiff, ONESOURCE FACILITY SERVICES, INC., ("OneSource") by and through its undersigned counsel, hereby files its Motion in Limine #3 and Supporting Memorandum of Law to Exclude Certain Evidence Regarding the Absence of Transition Plans, Pursuant to Fed. R. Evidence 401, 402, and 403, and in support thereof hereby states as follows:

1.    Plaintiff moves to exclude testimony and evidence regarding the claim of absence of transition plans by OneSource following Robert Mosbach's resignation.

2.    Defendant seeks to exclude all such evidence pursuant to Fed. R. Evid. 401, 402, and 403 on the grounds that: (1) testimony or other evidence regarding such issues is irrelevant to any claim or defense; and (2) the admission at trial of such

evidence is prejudicial and may confuse the issues in this case.

**CERTIFICATE OF COMPLIANCE WITH M. D. L. R. 3.01(g)**

On February 27, 2007, counsel for the parties held a telephone conference to discuss the instant motion and the relief requested herein.  Counsel for Defendants indicated that they would oppose the instant motion.

**MEMORANDUM OF LAW**

**PRELIMINARY STATEMENT**

**A.**   **Background Information**

Plaintiff has filed simultaneously herewith Plaintiff's Motion in Limine #1 in which the background of the case is recited and will not repeat the same information here.  See Plaintiff's Motion in Limine #1 and Supporting Memorandum of Law to Exclude Certain Evidence re:  Non-Solicitation of Customers, etc., Pursuant to Fed. R. Evid. 401, 402, 403, and 404.

**B.**   **Defendants Seek to Introduce Evidence of the Absence of Transition Plans**

As relevant here, after Mosbach's departure, OneSource promoted Connie Bires to the position of acting District Manager.  Plaintiff anticipates that Defendants will seek to introduce evidence that OneSource did not develop or implement a successful transition plan.[1]  Specifically, Plaintiff anticipates Defendants will argue that because Bires had no experience in running the District, and that OneSource provided her with no training or support, the quality of service immediately declined resulting in the loss of customers.  For the reasons set forth below in more detail, such evidence is inadmissible under the Federal Rules of Evidence 401, 402, and 403.

---

[1] Defendants have indicated an intention to assert this evidence in the parties' Joint Final Pre-Trial Statement, which will be filed shortly.

## ARGUMENT

**I.    THE COURT SHOULD EXCLUDE AT TRIAL ALL EVIDENCE OR TESTIMONY REGARDING THE ALLEGED ABSENCE OF AN EFFECTIVE TRANSITION PLAN AS IT IS IRRELEVANT TO THE ISSUES IN THIS CASE**

**A.    General Rules of Relevancy**

The Federal Rules of Evidence embrace the otherwise simple principle that "[a]ll relevant evidence is admissible [except as provided by law]" and "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Rule 401 defines "relevant evidence" as: "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Therefore, in order for evidence to be relevant for purposes of admissibility, such evidence must have a "tendency to prove a consequential fact."  Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly proven in the case."  Id.  The relevancy question lies firmly within the discretion of the trial judge.  Pesaplastic, C.A. v. Cincinnati Milacron Co., 750 F.2d 1516, 1524 (11th Cir. 1985); Copeland v. Gulf Oil Corp., 672 F.2d 867, 871 (11th Cir. 1982). The decision to exclude evidence is within the sound discretion of the trial court. Such decisions will not be reversed absent a clear showing of abuse of discretion and substantial prejudicial affect.  Goulah v. Ford Motor Co., 118 F.3d 1478, 1483 (11th Cir. 1997); Judd v. Rodman, 105 F.3d 1339, 1341 (11th Cir. 1997); Feazell v. Tropicana Products, Inc. , 819 F.2d 1036, 1040 (11th Cir. 1987).

**B**.    **The Absence of an Effective Transition Plan Is Not Relevant To the Issue of Solicitation As It Is an Unrelated and Independent Event**

Evidence which does not relate to a claim at issue and tends to prove

nothing of consequence should not be introduced at trial. See, e.g., Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984); See also Fed. R. Evid. 401, Advisory Committee Notes.  When testimony fails to establish a material fact of the party's allegation or claim, the testimony is irrelevant and inadmissible.

Courts have consistently refused to admit evidence of the type Defendants will seek to introduce. See Bongham v. Action Toyota, Inc., No. 00-1241, 2001 U.S. App. LEXIS 17128, **23-24 (4th Cir. Aug. 1, 2001) (affirming exclusion of testimony in breach of contract claim because of the absence of evidence linking two independent events); Miller v. Ford Motor Company, No. 2:01-cv-545-FtM-29DNF, 2004 U.S. Dist. LEXIS 29846, *20 (M.D. Fla. July 22, 2004) (excluding evidence as to statistics on the number of tires which have failed, other than the tire which was the subject of the litigation); Garraghty v. Jordan, 830 F.2d 1295 (4th Cir 1987) ( in granting defendant's in limine motion the court ruled that alleged misconduct by defendant which is unrelated to the plaintiff is inadmissible at trial).

In the instant case, the facts that: 1) customers did or did not complain about the quality of OneSource services or, 2) that the services did or did not decrease in quality following Mosbach's departure, are irrelevant to the unique issues of this action. This evidence, even if corroborated, does not tend to prove or disprove any material fact that is of consequence to the determination of whether Mosbach did or did not solicit OneSource customers.  Indeed, any transition plan implemented by OneSource would not concern Defendants or Defendants' employment with Plaintiff.  Nor would any transition plan have an effect on Mosbach's decision to breach his Non-solicitation agreement. Therefore, any referral to the absence of an effective transition plan is simply not relevant

to any material fact that is of consequence to the issue of solicitation.

Further, whether OneSource made the decision to incorporate an effective transition plan is entirely <u>unrelated</u> and <u>independent</u> of whether Mosbach made the conscious decision to solicit OneSource customers. Either one of these events could have taken place without the occurrence of the other and reached the same result. In other words, one event (solicitation of OneSource customers) does not flow from the other (absence of effective transition plans) and the Court should take measure to ensure they are separated accordingly by precluding Defendants from introducing this evidence.

### B.    <u>Confusion of the Issues</u>

Even assuming the Court found that testimony <u>un</u>related to the issue of defendants' solicitation is somehow relevant, such evidence would still be inadmissible under Rule 403 of the Federal Rules of Evidence. Fed. R. Evid. 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

For the same reasons as above, the subject evidence also has great potential for confusing and/or misleading the jury, and may not allow the jury to differentiate between the alleged absence of a transition plan and whether Mosbach solicited OneSource customers. To avoid this potential confusion, this Honorable Court should exclude all evidence or testimony referring to OneSource's alleged ineffective transition plan following Mosbach's departure from OneSource.

CASE NO. 2:05-CV-00525-TAW-DNF

## CONCLUSION

Based upon the foregoing, OneSource respectfully asks the Court to grant this motion in limine to exclude irrelevant, prejudicial information.

Dated this 27th day of February 2007.

Respectfully submitted,

By: s/Thomas Mead Santoro
Thomas Mead Santoro, Esq.
Florida Bar No. 0829722
E-mail: *santorot@jacksonlewis.com*
Trial Counsel
David E. Block, Esq.
Florida Bar Number: 0108820
E-mail: *blockd@jacksonlewis.com*
Pedro J. Torres-Díaz, Esq.
Florida Bar No. 0019327
E-mail: *torresp@jacksonlewis.com*
JACKSON LEWIS
Attorneys for Plaintiff
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Vicky L. Sproat, Esq., 1715 Monroe Street, P.O. Box 280, Fort Myers, FL 33902-0208 this 27th day of February 2007.

s/Pedro J. Torres-Díaz
Pedro J. Torres-Díaz, Esq.