UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | |
|---|---|
| ONESOURCE FACILITY SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT G. MOSBACH, SHERRI L. FUCHS, and GULFSHORE FACILITY SERVICES, INC. a Florida Corporation <br><br> Defendants. | CASE NO. 2:05-CV-00525-TAW-DNF |

**PLAINTIFF'S MOTION IN LIMINE #5 AND SUPPORTING MEMORANDUM OF LAW TO EXCLUDE CERTAIN EVIDENCE REGARDING THE SELECTIVE ENFORCEMENT OF RESTRICTIVE COVENANTS AND WAIVER**

Plaintiff, ONESOURCE FACILITY SERVICES, INC., ("OneSource") by and through its undersigned counsel, hereby files its Motion in Limine #5 and Supporting Memorandum of Law to Exclude Certain Evidence Of The Selective Enforcement of Restrictive Covenants and in support thereof hereby states as follows:

1. Plaintiff moves to exclude testimony and evidence regarding the alleged selective enforcement of restrictive covenants.

2. Plaintiff seeks to exclude all such evidence on the grounds that Plaintiff's selective enforcement of restrictive covenants, if any, does not constitute a waiver of its breach of contract claim against Defendants.

**CERTIFICATE OF COMPLIANCE WITH M. D. L. R. 3.01(g)**

On February 27, 2007, counsel for the parties held a telephone conference to

discuss the instant motion and the relief requested herein. Counsel for Defendants indicated that they would oppose the instant motion.

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

### A.     Background Information

Plaintiff has filed simultaneously herewith Plaintiff's Motion in Limine #1 in which the background of the case is recited and will not repeat the same information here. See Plaintiff's Motion in Limine #1 and Supporting Memorandum of Law to Exclude Certain Evidence re: Non-Solicitation of Customers, etc., Pursuant to Fed. R. Evid. 401, 402, 403, and 404.

### B.     Defendants Seek to Introduce Evidence of Selective Enforcement of Restrictive Covenants

Plaintiff anticipates that Defendants will seek to introduce evidence that OneSource selectively enforced their restrictive non-solicitation agreements.[1] Specifically, Plaintiff anticipates Defendants will argue OneSource has waived its right to claim breaches of the Restrictive Agreements because they have not sought enforcement of similar contracts with other similarly situated employees.

For the reasons set forth below in more detail, such evidence is inadmissible.

## ARGUMENT

**I.     THE COURT SHOULD EXCLUDE AT TRIAL ALL EVIDENCE OR TESTIMONY REGARDING THE SELECTIVE ENFORCEMENT OF RESTRICTIVE COVENANTS AS IT DOES NOT CONSTITUTE A WAIVER DEFENSE TO A BREACH OF**

---

[1] Defendants have indicated an intention to assert this evidence in the parties' Joint Final Pre-Trial Statement, which will be filed shortly. Defendants have also asserted a Defense to the same effect. See Eighth Affirmative Defense, Answer to Amended Verified Complaint. [Docket # 29]

2

CASE NO. 2:05-CV-00525-TAW-DNF

**CONTRACT CLAIM**

Contract law is clear that the doctrine of selective enforcement is not a viable defense to a breach of contract claim. See United States v. Snepp, 595 F.2d 926 (4th Cir. 1979), rev'd on other grounds, 444 U.S. 507 (1980) ("we find no merit in the defense of selective enforcement"); See also Horne v. Radiological Health Services, P.C., 83 Misc.2d 446 (N.Y. Sup. Ct. 1975).

In Horne, the court rejected a doctor's claim that the professional corporation with which he had been affiliated had waived its right to enforce the covenant not to compete because there was evidence that the professional corporation had not enforced the covenant as to other doctors who had left the practice. The court rejected the argument, holding:

> Integral to the concept of enforcement of covenants not to compete is the balancing of the interests of employer, employee and the public welfare in each case and the right to enforce a negative covenant must be determined on an ad hoc basis. Since each case stands on its own particular facts and circumstances, any requirement for uniformity of enforcement would be contrary to the judicially enunciated standard of balancing the interests involved.

Id. at 454.

Moreover, the courts have determined that any other rule "would require an employer to enforce [the covenant] without regard to cost-effectiveness or individual circumstances," which is "impractical and unfair, not only to Plaintiffs, but to other former employees." Midwest Television, Inc. v. Oloffson, 699 N.E.2d 230, 236 (Ill. App. Ct. 1998). See also, Laidlaw, Inc. v. Student Transportation of Amer., Inc., 20 F.Supp.2d 727, 751 (D.N.J. 1998) (holding employer must evaluate each situation individually and weigh competing considerations); Minnesota Mining & Mfg. Co. v. Kirkevold, 87 F.R.D. 324, 336 (D. Minn. 1980).

CASE NO. 2:05-CV-00525-TAW-DNF

In the instant case, requiring Plaintiff to enforce the non-solicitation agreements with their former employees on an all or nothing basis not only disregards cost-effectiveness and individual circumstances, but also infringes on Plaintiff's freedom to weigh the costs and benefits of contract enforcement on an *ad hoc* basis. Accordingly, pursuant to the clear letter of the law, Plaintiff requests this Court grant this Motion and preclude Defendants from introducing any testimony or evidence regarding alleged selective enforcement of restrictive covenants.

## CONCLUSION

Based upon the foregoing, OneSource respectfully asks the Court to grant this motion in limine to exclude evidence of selective enforcement of restrictive covenants.

Dated this  27th day of February 2007.

Respectfully submitted,

By: s/Thomas Mead Santoro
Thomas Mead Santoro, Esq.
Florida Bar No. 0829722
E-mail: *santorot@jacksonlewis.com*
Trial Counsel
David E. Block, Esq.
Florida Bar Number: 0108820
E-mail: *blockd@jacksonlewis.com*
Pedro J. Torres-Díaz, Esq.
Florida Bar No. 0019327
E-mail:  *torresp@jacksonlewis.com*
JACKSON LEWIS
Attorneys for Plaintiff
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Vicky L. Sproat, Esq., 1715 Monroe Street, P.O. Box 280, Fort Myers, FL  33902-0208 this 27th day of February 2007.

s/Pedro J. Díaz
Pedro J. Torres-Díaz, Esq.
