UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ONESOURCE FACILITY SERVICES, INC.,

    Plaintiff,

v.                                                                CASE NO. 2:05-cv-00525-TAW-DNF

ROBERT G. MOSBACH, SHERRI L. FUCHS, and GULFSHORE FACILITY SERVICES, INC., a Florida corporation,

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2

Defendants, ROBERT G. MOSBACH, SHERRI L. FUCHS, and GULFSHORE FACILITY SERVICES, INC., by and through their undersigned counsel, hereby submit this Memorandum of Law in Opposition to Plaintiff's Motion in Limine #2 and supporting Memorandum of Law to exclude from evidence Gulfshore's "Notification to New Customers" and "Notification to New Applicants"[1] documents pursuant to Fed. R. Evid. 403, 701, 801 & 802 (Doc. No. 81), stating as follows:

### PROCEDURAL POSTURE

Presently before the Court is Plaintiff's Motion in Limine #2 and supporting Memorandum of Law to exclude Gulfshore's "Notification to New Customers" and "Notification to New Applicants" documents pursuant to Fed. R. Evid. 403, 701, 801 &

---

[1] On February 27, 2007, Plaintiff filed five separate and distinct Motions in Limine seeking to exclude evidence which Defendants intend to introduce at trial. (Docs. No. 80, 81, 82, 83 & 84). Filed contemporaneously herewith is a Memorandum of Law in Opposition to Plaintiff's Motions in Limine ## 1 & 3.

802. (Doc. No. 81). By this Motion, OneSource Facility Services, Inc. ("OneSource") seeks an Order in advance of trial excluding from evidence Gulfshore Facility Service, Inc. ("Gulfshore") documents identified as "Notification to New Customers" and "Notification to New Applicants" (collectively, "Notifications")[2]. As grounds for the Motion, OneSource argues (1) the Notifications constitute inadmissible hearsay, and do not fall within any of the applicable exceptions; (2) the Notifications invade the province of the Court because they draw "impermissible legal conclusions;" and (3) Plaintiff would be unfairly prejudiced if the Court admits the Notifications into evidence at trial. (Doc. No. 81, at 1-2).

OneSource's argument that the Notifications constitute inadmissible hearsay, is misplaced in that the Notifications are not hearsay, i.e. statements offered to prove the truth of the matter asserted. They are also not hearsay to the extent that they may be offered to impeach the credibility of witnesses. Moreover, even if the Court considered the Notifications to be hearsay, they are admissible under the Business Records Exception to the Hearsay Rule. Fed. R. Evid. 803(6). Finally, OneSource's arguments that the Notifications should be excluded because they draw impermissible legal conclusions and/or their probative value is substantially outweighed by danger of unfair prejudice, confusion of the issue, misleading the jury and/or undue delay or waste of time are without merit. Accordingly, OneSource's Motion should be denied.

---

[2]  The exemplar Notification documents are attached as Exhibits 1 and 2 to Plaintiff's Motion in Limine #2. (Doc. No. 81).

# ARGUMENT

## I.  THE NOTIFICATIONS ARE NOT HEARSAY.

### A.  The Notifications Are Statements Offered Other Than To Prove The Truth Of The Matter Asserted

As OneSource aptly points out, hearsay that does not fall within any of the exceptions set forth in the Federal Rules of Evidence is inadmissible. Fed. R. Evid. 802 (2006). "Hearsay", however, is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c) (2006). As such, before an out of court utterance may be declared inadmissible it must meet the following definition of hearsay:

> (1) the out of court utterance must be a "statement," i.e., a verbal assertion or conduct intended as an assertion; and (2) the statement must be offered to prove the truth of the matter it asserts.

*Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1031 (M.D. Fla. 2000) (J. Kovachevich).

Hearsay does not encompass all extra judicial statements, but only those offered for the purpose of proving the truth of matters asserted in the statement. *See Anderson v. United States*, 417 U.S. 211, 219 (1974) (noting that "[o]ut-of-court statements constitute hearsay *only* when offered in evidence to prove the truth of the matter asserted" (emphasis added)); *United States v. Sanders*, 639 F.2d 268, 270 (5th Cir. 1981) (noting that "if [a] statement was offered on a non-assertive basis, i.e., for proof only of the fact that it was said, the statement would not be subject to the hearsay objection"); *Sunshine Foliage*, 120 F. Supp. 2d at 1031.

One category of extrajudicial statements that falls outside the definition of hearsay is extra judicial statements that have independent legal significance or are themselves relevant facts. *See* 30B Michael H. Graham, Federal Practice and Procedure *Evidence* § 7005 (2006). As the Fifth Circuit noted in *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250 (5th Cir. 1980),

> excluded from the hearsay rule is verbal or non-verbal "conduct when it is offered as a basis for inferring something other than the matter asserted. Therefore, verbal conduct, as opposed to verbal assertions, may be admitted in evidence, in part because it is not assertive and in part because it is not intended to prove the truth of the matter asserted . . . when the fact to be proved is a word spoken, it is an uncritical error to protest as to hearsay. The verbal act, as any other act, may be proved by one who heard, saw it, or felt it. The inquiry is not the truth of the words said, merely whether they were said.

*Lubbock Feed Lots*, 630 F.2d at 262.

Likewise, "verbal or nonverbal conduct, when it is offered as a basis for inferring something other than the matter asserted, is excluded from the hearsay rule." *Sunshine Foliage*, 120 F. Supp. 2d at 1031 (internal quotations omitted) (citing *United States v. Cruz*, 805 F.2d 1464, 1477-78 (11th Cir. 1986). For instance, "an utterance may be admitted to show the effect it has on a hearer. Such verbal acts are not in the first instance assertive statements and [are] not offered to prove the truth of the matter asserted." *Cruz*, 805 F.2d at 1477-78. *See also Givhan v. Elec. Eng'rs., Inc.*, 4 F. Supp. 2d 1331, 1335 (M.D. Ala. 1998) (noting that even though an affidavit contains statements that recount information and statements allegedly made by other individuals, the information and statements made are admissible when they are offered to prove only that the statements were made, not when they are offered to prove the truth of the matters asserted therein); *Fed. Deposit Ins. Corp. v. Stahl*, 89 F.3d 1510, 1521 (11th Cir. 1996) (finding that where a transcript is being offered to show personal knowledge

of the alleged problems surrounding an individual's employment, and not to establish the intrinsic truth of those respective problems, the transcript is not considered hearsay); *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981) (holding that an out of court statement offered merely to show circumstantial evidence of the declarant's knowledge of the existence of some fact, as opposed to being offered to prove the truth of the matter asserted, is admissible and is not considered hearsay); *United States v. Jennings*, 527 F.2d 862, 869 (5th Cir. 1976) (noting that where a statement is offered merely to show that the statement was made, then the statement is not considered hearsay).

In this case, the Notifications were given to potential customers and to potential employees by Defendants to inform them of the existence of the Restrictive Agreements. In the Notifications, the Defendants acknowledge that they may be limited in their ability to do business with the recipient because of the Restrictive Agreements, and that the recipient should not do business with Gulfshore if they are currently associated with OneSource or if they were solicited by Defendants.

Despite OneSource's assertions that Defendants will seek to introduce the Notifications in an attempt to establish that Defendants' customers and/or employees were not solicited from OneSource in violation of their agreements, one purpose for offering the Notifications into evidence is to prove that the document was given by Defendants to former OneSource customers/employees after November 2005 in an effort to comply with the Restrictive Agreements and in an effort to avoid the appearance of any impropriety or interference. As such, the Notifications are not intended to prove the matter asserted in said documents, i.e. that Defendants did not

violate the Restrictive Agreements. Rather, their relevancy derives from the fact that Gulfshore disclosed the existence of the Restrictive Agreements and that the individual declarants received and executed the Notifications, acknowledging that fact. The fact the Notifications were provided to prospective customers and employees and executed by those customers and employees tends to establish that Defendants took reasonable steps to comply with their restrictive agreements and/or to avoid the appearance of improper interference. As such, the Notifications are offered for the fact that they exist and were executed by former OneSource customers/employees, and not for the fact that Defendants did not engage in prohibited solicitation.[3] Accordingly, the Notifications are not hearsay, i.e. a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted, and Plaintiff's Motion should be denied.

Similarly, the Notifications are not hearsay because the Notifications will be offered as statements made by former OneSource customers/employees that Defendants acted upon and had a bearing upon Defendants' conduct. More particularly, the Notifications are not offered to prove that Defendants did not solicit customers and/or employees from OneSource in violation of their agreements, but, rather, the Notifications are offered to explain the basis or foundation behind Defendants' acceptance of each former OneSource customer/employee as a new customer/employee of Gulfshore. The Notifications are offered to explain why Gulfshore did business with the individual declarants, and are relevant to Defendants'

---

[3] The fact that the statement asserted may also tend to prove that Defendants did not solicit One Source's former customers/employees does not render the non-hearsay verbal act inadmissible hearsay. *Cf. Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533, 1540 (11th Cir. 1993) (noting that a district court may utilize a limiting instruction to make clear to the jury that the evidence is admissible only to prove the making of the statement).

lack of intent to unlawfully interfere with OneSource's business relationships when it entered into business relationships with former OneSource customers/employees. *See United States v. Wellendorf*, 574 F.2d 1289, 1290 (5th Cir. 1978) (noting that, in prosecution of income tax evasion, evidence as to advice received by defendant at tax protestors meeting was not hearsay when offered to prove intent); *United States v. Harris*, 942 F.2d 1125, 1130 (7th Cir. 1991) (noting that letters, which would have been hearsay if offered for the truth of the matter asserted, were not hearsay for the purpose of showing what defendant believed). Evidence of Defendants' good faith intent, in turn, would preclude any finding that Defendants tortiously interfered with OneSource's advantageous business relationships as alleged in Count III of the Amended Complaint. (Doc. No. 28). *See Networkip, LLC v. Spread Enters., Inc.*, 922 So. 2d 355, 358 (Fla. 3d DCA 2006) (noting that "a cause of action for tortious interference [with business relationship] requires a showing of both an intent to damage the business relationship and a lack of justification to take the action which caused the damage"); *Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.*, 832 So. 2d 810, 814 (Fla. 2d DCA 2002) (noting that "Florida courts have held that the plaintiff must plead and prove that the defendant manifested a specific intent to interfere with the business relationship").

  **B.** <u>**The Notifications Are Not Hearsay To the Extent They Are Offered To Impeach The Credibility of a Witness**</u>

The Notifications would not be hearsay if introduced for the purpose of impeaching a nonparty witness who might deny having received or executed the Notification. Pursuant to Rules 607 and 613, Federal Rules of Evidence, a witness may be impeached with a prior inconsistent statement. Further, prior statements of a witness inconsistent with the witness's in court testimony offered solely to impeach are

not hearsay. *United States v. Grant*, 256 F.3d 1146, 1156 (11th Cir. 2001). *See also United States v. Graham*, 858 F.2d 986, 990 n.5 (noting that "the hallmark of an inconsistent statement offered to impeach a witness's testimony is that the statement is not hearsay within the meaning of the term, i.e., it is not offered for the truth of the matter asserted, *see* Fed. R. Evid. 801(c); rather, it is offered only to establish that the witness has said both 'x' and 'not x' and is therefore unreliable").

Among the potential witnesses listed by Defendants are many former OneSource customers/employees who were given and executed the Notifications. Although it is impossible to know whether one or more of these former OneSource customers/employees might testify that they did not receive and/or execute a Notification, should one of the former OneSource customers/employees do so, Defendants would then offer the Notifications to impeach the witness' credibility by establishing that a Notification was in fact executed by the witness. Likewise, in the event one of the former OneSource customers/employees who executed the Notification was to testify that Defendants had solicited their business/employment, Defendants would then offer the Notifications to impeach the witness' credibility by establishing that the witness stated in the Notification that he/she had not been solicited. In both of these circumstances, the Notifications would not constitute hearsay, *see Graham*, 858 F.2d at 990 n.5, and, accordingly, Plaintiff's Motion in Limine should be denied to the extent the Motion seeks to exclude the introduction of the Notifications to potentially impeach a witness.

## II. EVEN IF HEARSAY, THE NOTIFICATIONS ARE ADMISSIBLE UNDER THE BUSINESS RECORDS EXCEPTION

Rule 802, Federal Rules of Evidence, provides, "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802 (2006). Among those exceptions to the "Hearsay Rule" is one for the records of regularly conducted business activities (known as the Business Records Exception). More particularly, Rule 803(6), Federal Rules of Evidence, provides:

> Records of regularly conducted activity, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a conducted activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness…unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and callings of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6) 2006. Accordingly, if the Notifications are business records within the definition of Rule 803(6), the documents will be admissible regardless of their status as hearsay.

OneSource does not, and cannot, dispute that the Notifications are documents made and kept in the regular course of Defendants' business activities. Rather, OneSource seemingly argues that the Notifications should be excluded because the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness. (Doc. No. 81, at 4). In this regard, OneSource points to the fact that the Notifications were prepared by Defendants' counsel after the filing of the instant action. (Doc. No. 81, at 4 n.3). Although OneSource is correct that Courts have properly refused to admit purported business records because documents prepared in

anticipation of litigation "may" not have been prepared "in the regular course of business," *Palmer v. Hoffman*, 318 U.S. 109 (1943), the fact that a record was prepared, in part, for the purpose of litigation, or in response to litigation, is not always preclusive.  *Cf.* 30B Michael H. Graham, Federal Practice and Procedure *Evidence* § 7047 (2006) (noting that, when considering the trustworthiness of a document, "of particular importance is *the extent to which* the business record was prepared for purposes of litigation" (emphasis added)) (citing *United States v. Kayne*, 90 F.3d 7, 12-12 (1st Cir. 1996), *cert denied* 519 U.S. 1055 (1997)).  Factors relative to trustworthiness of a business record are (1) the business significance of the document outside the litigation context, (2) the level of experience of the preparer in creating such documents, and, (3) the neutrality of the preparer.  *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1020 (10th Cir. 2004).

In *United States v. Frazier*, 53 F.3d 1105 (10th Cir. 1995), the Tenth Circuit considered whether an audit report prepared by the Department of Labor in anticipation of litigation was nonetheless admissible as a business record because of its trustworthiness.  *Frazier*, 53 F.3d at 1110.  In holding that the district court had not abused its discretion in admitting the report, the Court emphasized that the report had business significance apart from its use in the prosecution of defendant because the preparer was bound by contract to prepare the report and was interested in insuring the report was accurate; the preparer had several years experience preparing audit reports; and the preparer was a neutral third party with nothing to gain from any possible litigation against defendant.  *Id.*

Likewise, in the present matter, the Notifications are sufficiently trustworthy and should be admissible in evidence as business records. First, although the preparation of the Notifications was a business practice instituted by Gulfshore after the commencement of this action, each individual Notification was prepared in an effort to document Defendants' continued compliance with the Restrictive Agreements, which would govern the conduct of Gulfshore for the next eighteen (18) months,[4] and, thus, Defendants were interested in insuring that the report was accurate. In addition, although the Notifications were prepared at the request of either Mosbach or Fuchs,[5] the statements contained in the Notifications were acknowledged by each former OneSource customers/employees - - neutral persons who are not parties to this lawsuit. Accordingly, the circumstances relative to the preparation and execution of the Notifications are such that there is sufficient indicia of trustworthiness and the Notifications should be admissible as business records. *Cf. Frazier*, 53 F.3d at 1110 (holding district court did not abuse discretion in admitting report prepared under similar circumstances as in present matter).

Further, to accept OneSource's argument that the Notifications are inadmissible hearsay, not falling within the business records exception, necessarily leads to an absurd result. The Notifications were not created solely in anticipation of litigation, that is, created for use in this or any other litigation, but rather created in an effort to document the steps which were taken by Gulfshore to comply with the requirements of

---

[4] The Restrictive Agreements which form the basis of this action restricted Mosbach and Fuchs from soliciting current customers or active customer prospects of OneSource for the 18 month Restrictive Period ending April 2007. Plaintiff, however, commenced this action on November 2005, and apparently seeks damages for alleged solicitation that would have taken place during the pendency of the action, but after the creation of the Notifications.

[5] The template Notification was admittedly prepared by Defendants' counsel after the commencement of this action. (Mosbach Dep., at 253-55).

the Restrictive Agreements. Merely because OneSource had previously raised claims of solicitation in violation of the Restrictive Agreements is no reason to exclude as untrustworthy documentary evidence of remedial practices instituted by Gulfshore. If such were the case, each and every one of Gulfshore's business records that in any way relate to former OneSource customers/employees which was created after the commencement of this action would be considered inadmissible. Undoubtedly, this is an absurd result.

### III. THE NOTIFICATIONS DO NOT DRAW IMPERMISSIBLE LEGAL CONCLUSIONS

Although unclear and convoluted, Plaintiff's Motion appears to seek to exclude the Notifications on the basis that the Notifications "invade the province of the court because they "draw an impermissible legal conclusion," citing Rule 701, Federal Rules of Evidence (Doc. No. 81, at 2). Rule 701, Federal Rules of Evidence, provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701 (2006). Rule 704, in turn, provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a) (2006). However, although a witness may generally not offer a legal conclusion, "an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." *Navik Imaging, Inc. v. Lexington Ins. Co.*, No. 2:05-cv-469-FtM-29SPC, 2006 WL 3827435 (M.D. Fla. Dec. 27, 2006) (J. Steele). Rather, in order to determine whether to admit opinion testimony on ultimate issues of the case, courts should consider whether

the terms used have a separate, distinct and specialized meaning in law different from that in the vernacular, and only if they do is exclusion appropriate. *See United States v. Hearst*, 563 F.2d 1331, 1351 (9th Cir. 1977) (noting that testimony is not objectionable as containing a legal conclusion where the "average layman would understand those terms and ascribe to them essentially the same meaning intended").

In the present matter, OneSource takes the position that "solicitation" is a legal term of art which a laymen is not competent to understand. However, "solicitation" does not have a separate, distinct and specialized meaning in law different from that in the vernacular as this Court recognized in *North American Products Corporation v. Moore*, 196 F. Supp. 2d 1217 (M.D. Fla. 2002). In *North American Products Corporation*, this Court found that the word "solicitation" as used in a restrictive covenant agreement had a "plain meaning." *Id.* at 1229.[6] This Court held that the term "solicitation" as used in the restrictive agreement meant "asking or enticing" and "any action which the relation of the parties justifies in construing into a serious request." (*Id.* at 1229).

As such, the Notifications are not objectionable because they include a term ("solicitation") which bears on a legal conclusion in the case. *See Hearst*, 563 F.2d at 1351 (noting that testimony is not objectionable as containing a legal conclusion where the "average layman would understand those terms and ascribe to them essentially the same meaning intended"). Further, "solicitation," in the context of the Notifications, is a factual conclusion which the jury would understand and, thus, is not objectionable. *Cf. United States v. Nixon*, 918 F.2d 895, 905 (11th Cir. 1990) (holding that trial court did

---

[6] The non-solicitation language at issue in the <u>North American Products Corporation v. Moore</u> case was that "upon termination of employment for whatever reason, the employee [Moore] will refrain from *soliciting* business in competition with the company [NAPCO] from any customers of the company [NAPCO].

not err in permitting police officer to use the word "conspiracy" in testimony where use of the term was a factual--not a legal--conclusion).

### IV. THE PROBATIVE VALUE OF THE NOTIFICATIONS IS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, MISLEADING THE JURY AND/OR UNDUE DELAY OR WASTE OF TIME

Finally, OneSource argues that the Notifications should be excluded because their probative value is outweighed by the danger of unfair prejudice to Plaintiff. Rule 403, Federal Rules of Evidence, which governs the exclusion of relevant evidence on grounds of unfair prejudice, confusion, or waste of time, provides that, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 (2006). Accordingly, as noted by Wright & Graham's Federal Practice and Procedure, Rule 403 requires a court to

> . . . go through a conscious process of balancing the costs of the evidence against its benefits. Unless the judge concludes that the probative worth of the evidence is "substantially outweighed" by one or more of the countervailing factors, there is no discretion to exclude; the evidence must be admitted. If, on the other hand, the balance goes against the probative worth, the judge is not required to exclude the evidence but he "may" do so.

22 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5214 (1978 & Supp. 2006). The Advisory Committee Notes to Rule 403, defines "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's Note.

Further, in *Collins v. Seaboard Coast Line R.R. Co.*, 675 F.2d 1185 (11th Cir. 1982), the Eleventh Circuit adopted the following rule stated in Weinstein's Evidence,

> Since the trial judge is granted such a powerful tool by Rule 403, he must take special care to use it sparingly . . . . If there is doubt about the existence of unfair prejudice, confusion of issues, misleading, undue delay or waste of time, it is generally better practice to admit the evidence taking necessary precautions by way of contemporaneous instructions to the jury followed by admonition in the charge . . . .

*Id.* (*quoting* 1 Weinstein & Burger, Weinstein's Evidence, § 403(01)).  The Eleventh Circuit has often reiterated this principle. *See, e.g., Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716, 722-723 (11th Cir. 1982) (quoting the same language as *Collins, supra*, and stating "[t]his is in accord with the rule applicable in this circuit"); *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) (holding that Rule 403 "is an extraordinary remedy which should be used sparingly.")  "[T]his admonition comport[s] with the fact that the federal rules favor admission of evidence over exclusion if the evidence has *any* probative value . . . ."  *King*, 713 F.2d at 631 (citing *United States v. Guerrero*, 667 F.2d 862, 867 (10th Cir. 1981); *United States v. Day*, 591 F.2d 861, 879 (D.C. Cir. 1979).  Further, "the more essential the evidence, the greater its probative value, and the less likely that a trial court should order the evidence excluded." *Id.* (citations omitted).

As noted above, OneSource apparently argues that the probative value of the Notifications is "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  OneSource's Motion, however, is legally insufficient in that it does not even address the probative value of the Notifications or the unfair prejudice against which the probative value is to be weighed.  OneSource merely makes the bald conclusory statements that the Notifications lack any probative value and that any probative value is substantially outweighed by the danger of unfair prejudice.  Accordingly, the Court should deny the Motion as insufficient.

Clearly, the Notifications *are* substantially probative because they help prove material facts related to Plaintiff's claim and Defendants' defenses. Fed. R. Evid. 401 Advisory Committee Notes. Among other things, the Notifications tend to prove that the Defendants took reasonable steps to comply with the Restrictive Agreements. They show the Defendants notified prospective customers and employees of their obligations under the Restrictive Agreements. They prove that Defendants did not intend to improperly interfere with OneSource's relationships with its customers. The Notifications also prove that Defendants did not intend to employ or do business with any person or entity who believed that they had been solicited by Defendants or who was a current customer or employee of OneSource. In short, the Notifications have high probative value and OneSource has failed to identify how or why admission of the Notifications could be construed as "unfairly" prejudicial, confusing or misleading.

## CONCLUSION

A Motion in Limine is an appropriate vehicle "to eliminate from further consideration evidentiary submissions that <u>clearly</u> *ought not to be presented to the jury* because they <u>clearly</u> *would be inadmissible for any purpose*." <u>Jonasson v. Lutheran Child & Family Svcs.</u>, 115 F.3d 436 (7th Cir. 1997) (emphasis added). Plaintiff has failed to establish that the Notifications are inadmissible hearsay or are clearly inadmissible for *any* purpose. Accordingly, for all the foregoing reasons, Defendants, ROBERT G. MOSBACH, SHERRI L. FUCHS, and GULFSHORE FACILITY SERVICES, INC., respectfully submit that Plaintiff's Motion in Limine #2 to exclude Gulfshore's "Notification to New Customers" and "Notification to New Applicants" should be denied.

Respectfully submitted,

HENDERSON FRANKLIN STARNES & HOLT, P.A.

s/Vicki L. Sproat
Vicki L. Sproat
Florida Bar No. 0304751
Post Office Box 280
Fort Myers, FL 33902-0280
(239) 344-1100 Telephone
(239) 344-1200 Facsimile
E-mail: vicki.sproat @henlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Thomas Mead Santoro, Esq. and David E. Block, Esq.

s/Vicki L. Sproat
Vicki L. Sproat