UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:05-cv-525-Ft.M-34DNF

ONESOURCE FACILITY SERVICES, )
INC., )
                                      )
          Plaintiff, )
                                      )
vs. )
                                      )
ROBERT G. MOSBACH, SHERRI L. )
FUCHS, and GULFSHORE FACILITY )
SERVICES, INC. a Florida Corporation )
                                      )
          Defendants. )

---

**PLAINTIFF, ONESOURCE FACILITY SERVICES, INC.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR ATTORNEYS' FEES AND COSTS WITH
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, OneSource Facility Services, Inc. ("OneSource"), by and through its undersigned counsel hereby files its Response in Opposition to Defendants' Motion for Attorneys' Fees and Costs with Incorporated Memorandum of Law and states as follows:

**Summary of Argument[1]**

1.       Defendants Motion for Attorneys' Fees and Costs contends Defendants are entitled to recover $360,119.00 in attorneys' fees incurred in their successful defense of

---

[1] The procedural background is this. The above entitled matter was tried to a jury in the Middle District of Florida before the Honorable Marcia Morales Howard commencing on October 9 and concluding on October19, 2007. On October 19, 2007, the jury rendered a verdict in favor of OneSource and against Defendant Robert G. Mosbach ("Mosbach") finding that he had breached his Confidentiality and Non-Solicitation Agreement with OneSource ("the Agreement") and in favor of OneSource and against Defendant/Counter-Claimant Mosbach on his Counterclaim for breach of contract [See Special Interrogatories and Verdict Form, D.E.148]. Additionally, the jury rendered a verdict in favor of Defendant Sherri L. Fuchs ("Fuchs") finding that she had not breached her Confidentiality and Non-Solicitation Agreement ("Agreement") with OneSource and in favor of Mosbach, Fuchs and Gulfshore Facility Services, Inc. ("Gulfshore") that these Defendants did not violate the Florida Trade Secrets Act and did not tortiously interfere with the contractual or business relations of OneSource with certain identified customers. Also, the jury rendered a verdict in favor of Defendant/Counter-Claimant Fuchs on her claim under the Fair Labor Standards Act ("FLSA") awarding her $637.50 in unpaid wages.

certain of OneSource's claims and prosecution of Defendant Fuchs' Counterclaim. [See D.E. 180 at p.2].

2. OneSource does <u>not</u> dispute the reasonableness of either the hourly rate claimed by Defense counsel, or the number of hours attributable to matters for which fees may be properly sought in the litigation of this matter.

3. OneSource <u>does</u> dispute Defendants' claim to an entitlement to an enhancement of the figure claimed by a factor of 1.2 (which seeks to increase the overall attorneys' fees sought to $432,142.80). <u>Id.</u> at p. 3.

4. OneSource <u>does</u> contest whether the hours for fees claimed are accurate in light of the matters as to which Defendants did not prevail but for which fees are apparently sought, and further contests the accuracy of fees for certain tasks which the record reflects did not occur, as will be more fully discussed below.

## ARGUMENT AND MEMORANDUM OF LAW

### A. Defendants are Not Entitled to Any Fee Enhancement

Defendants claim to have incurred $360,119.00 in attorneys' fees in their successful defense of certain of OneSource's claims and prosecution of Defendant Fuchs' Counterclaim. Defendants contend their reasonable attorneys' fees should be calculated using a lodestar calculation. [D.E. 180 at p. 7].[2] Indeed, the Florida Supreme Court has held that, in calculating reasonable court-awarded attorney fees, "the trial court must determine the number of hours reasonably expended by the attorney and a reasonable hourly rate for those services, then multiply the two to arrive at the 'lodestar' amount. <u>Bell v. U.S.B. Acquisition Co., Inc.</u>, 734 So.

---

[2] The Eleventh Circuit has held that a state law claim for attorneys' fees before a federal court by way of federal diversity jurisdiction calls for an application of substantive state law to the fee dispute. See <u>Trans Coastal Roofing Co., Inc. v. David Boland, Inc.</u>, 309 F.3d 758, 760 (11th Cir. 2002) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)).

2d 403, 406 (Fla. 1999) (citing Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150-51 (Fla. 1985). Defendants claim, however, that they are entitled to enhance this figure by a factor of 1.2, and have asked this Court for an award of attorneys' fees in the amount of $432,142.80. Defendants apparently base their claim for a fee enhancement on the purportedly exceptional results obtained at trial and the fact that Defendants have had difficulty paying defense counsel their attorneys' fees during the pendency of this matter. [D.E. 180 at pp. 15-16]. OneSource submits that neither argument supports the fee enhancement sought by Defendants.

1. There is no evidence to support a fee enhancement

Defendants claim they are entitled to an enhancement of the lodestar by a multiple of 1.20 to account for the "exceptional result attained" at trial. [D.E. 180 at p. 15]. However, in a case cited by Defendants in support for their claim, the Supreme Court found that the lodestar amount, calculated by multiplying a reasonable amount of hours expended by a reasonable rate, adequately compensated an attorney for his or her services. See Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 506 at 565-66 (1986).[3] The Court specifically stated that the lodestar calculation "adequately compensates the attorney, and leaves very little room for enhancing the award based on [his or her] post-engagement performance," noting that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling the plaintiffs to secure legal assistance." Id. Moreover, the Court specifically stated that "the results obtained from the litigation are presumably <u>fully reflected in the lodestar amount</u>, and thus <u>cannot</u> serve as [an] independent bas[i]s for increasing the basic fee award." Id. at 565 (internal quotations omitted) (emphasis added).

---

[3] See also Bell v. U.S.B. Acquisition Co., Inc., *supra*.

3

The Court in <u>Delaware Valley</u>, *supra,* did acknowledge that upward adjustments of the lodestar figure are occasionally permissible, but noted that "such modifications are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts." <u>Id.</u> OneSource notes that Defendants' motion does not direct this Court to any record evidence to support the requested fee enhancement. Defendants rely instead on their conclusory assertion that trial results were "exceptional" and their apparent attempt to analogize the instant case to one handled on a contingency fee basis.[4] However, under the authority cited by Defendants themselves, their claim for enhancement of the lodestar amount by a factor of 1.2 must fail.

Defendants also cite to this Court's decision in <u>Am. Atheists, Inc. v. City of Starke</u>, 509 F. Supp. 2d 1221; 2007 U.S. Dist. LEXIS 45000 (M.D. Fla. 2007), purportedly in support of their argument that the Court should enhance the lodestar amount in the instant case. Once again, the decision relied upon does not support Defendants' position, and in fact is contrary to it. Like the <u>Delaware Valley</u> Court, this Court also found in <u>Am. Atheists</u> that quality of representation is a factor which is typically already reflected in the hourly rate used to compute the lodestar fee. See <u>Am. Atheists</u>, 2007 U.S. Dist. LEXIS 45000, at *15.

This Court also held that the quality of representation "may justify an upward adjustment <u>only</u> in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to what one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'" <u>Id.</u> at *15-16 (emphasis added). (citing <u>Blum v. Stenson</u>, 465 U.S. 886 (1984)). Ultimately, this Court determined the enhanced fee sought by the plaintiffs in <u>Am. Atheists</u> was not warranted, holding that, although plaintiffs'

---

[4] OneSource will address Defendants' attempt to analogize this case to one handled on a contingency fee basis more fully in A. 2. below.

4

counsel prevailed in the case, the "quality of service plaintiffs received in this case is already reflected in the hourly rates charged by [plaintiffs'] counsel." Id. at *16.

Again, OneSource notes that Defendants' motion does not direct this Court to any record evidence (and OneSource submits no such evidence exists) to support the requested fee enhancement. The very case law cited by Defendants indicates such evidence is required to justify an enhanced fee. See Delaware Valley, 478 U.S. at 565; Am. Atheists, 2007 U.S. Dist. LEXIS 45000, at *15.

Defendants also attempt to glean support for their fee enhancement claim from the Eleventh Circuit's decision in Norman v. Hous. Auth. of the City of Montgomery, Alabama, 836 F.2d 1292 (11th Cir. 1988). Although the Norman court acknowledged some enhancement of the lodestar might be called for if results obtained at trial were "exceptional," the court defined exceptional results as results that are "out of the ordinary, unusual or rare" Id. at 1302 (emphasis added). Even if this Court were to deem the results here to have been exceptional, as defined by the 11th Circuit (which OneSource submits would be unwarranted on the instant record), "no enhancement is permissible unless there is specific evidence in the record to show that the quality of representation was superior to that which one would reasonably expect in light of the rates claimed." Id. (citing Blum v. Stenson, 465 U.S. 886, 899).

As discussed above, Defendants have offered no evidence to support their conclusory assertion that the results obtained at trial were exceptional. Notably, if a result at trial is "excellent" and attorneys' fees are recoverable, "the court should compensate [counsel] for all hours reasonably expended," rather than grant a request for an enhancement. See id. (citing Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987) (emphasis added).

5

In this case, OneSource disputes neither the hours (except as discussed below) nor the rates claimed by Defendants in their request for fees. OneSource concedes they are reasonable and does not dispute so much of Defendants' motion as supports their claim of reasonableness. Any enhancement, however, would constitute an impermissible windfall for Defendant's counsel.[5]

2. <u>Defense counsel's representation of Defendants was not on contingency basis</u>

Defendants apparently seek to analogize the instant case to one in which representation is undertaken on a contingency fee basis. However, this is not a contingent fee case and Defendants do not claim it is. Defendants cite case law which purportedly stands for the proposition that fee enhancement may be appropriate if there is a risk of non-recovery of a fee in a case. [D.E. 180 at p. 15 (citing <u>Norman</u>, 836 F.2d at 1302)]. It is clear, however, that the <u>Norman</u> court discussed the risk of non-recovery of a fee <u>in the context of a contingency case</u>, noting "[t]he district court must also determine whether the fee arrangement was contingent," and holding that "such an enhancement will be awarded only where it is shown that such enhancement is necessary to assure the availability of counsel." <u>Norman</u>, 836 F.2d at 1302 (citing <u>Delaware Valley</u>, 478 U.S. at 565-66).

Defendants' counsel did not undertake to represent Defendants on a contingency fee basis,[6] where there is always an inherent risk of non-recovery. Case law which provides for enhancements of attorneys' fees in such arrangements is, therefore, inapposite.

---

[5] The Florida Supreme Court noted in <u>Bell</u> that the plurality in <u>Delaware Valley</u> was "unconvinced that Congress intended the risk of losing a lawsuit to be an independent basis for increasing the amount of any otherwise reasonable fee." <u>Bell</u>, 734 So. 2d at 407 (quoting <u>Std. Guar. Ins. Co. v. Quanstrom</u>, 555 So. 2d 828, 831 (Fla. 1990) (quoting <u>Delaware Valley</u>, 483 U.S. at 75)).

[6] A copy of Defendants' counsel's retention letter, which "confirm[s] the scope of our representation and the fees, costs, and the responsibilities accepted" by Defendants' counsel is attached hereto as Exhibit "A." OneSource notes this document was Exhibit 18 to the deposition of Defendant Fuchs.

Defendants also cite to Norman for the proposition that an enhancement of the lodestar "may be appropriate where there has been a delay in receipt of payment by counsel for the prevailing party." [D.E. 180 at p. 15 (citing Norman, 836 F.2d at 1302)]. When representing a client on a contingency fee basis, there will always be a delay in receipt of payment by counsel – such is the nature of the contingency fee arrangement. In the instant case, however, Defendants' counsel contend that they should benefit from an enhanced fee simply because their clients, with whom they did not enter into a contingency fee agreement, have been unable to timely pay their fees during the pendency of the case. [D.E. 180 at p. 16]. Again, the case law cited by Defendants is clearly applicable to representations under contingency fee agreements rather than situations where a client is merely unable to make payments. See Norman, 836 F.2d at 1302.

Defendants' motion argues that Defendants had become indebted to counsel by an amount in excess of $50,000.00 by June 2006, and have paid approximately 20% of outstanding attorneys' fees and costs to date. [D.E. 180 at p. 16]. Defense counsel's decision to continue representation under such circumstances, however, is not justification for imposing an enhancement of Defendants' attorneys' fees on OneSource. Defendants' counsel's remedy was to either withdraw from the representation or enforce their representation agreement against Defendants. No legal justification exists for imposing a penalty on OneSource for this circumstance.[7]

Even if Defendants could somehow succeed in analogizing the case at bar to a case handled on a contingency fee basis, OneSource submits that an enhanced fee would still be inappropriate. Case law on which Defendants rely states that "such an enhancement will be

---

[7] It is worth noting that the duration of the case, and hence presumably the duration of the time during which Defendants' counsel was not paid, was extended by a year due to health problems of Defendants' counsel, not due to any fault of OneSource. See D.E. 67 and 77.

awarded only where it is shown that such enhancement is necessary to assure the availability of counsel." (emphasis added) Norman, 836 F.2d at 1302 (citing Delaware Valley, 478 U.S. at 565-66). Defendants have not made (and cannot make) such a showing, and instead have simply asserted before the Court that Defendants have been unable to timely pay their attorneys' fees.

The Florida Supreme Court has also held that in determining whether a fee enhancement is necessary, a court should consider, *inter alia*, whether the relevant market requires a contingency fee multiplier to obtain competent counsel. See Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990). Florida's Fourth District Court of Appeal interpreted Quanstrom to mean "there must be evidence that a contingent fee arrangement was necessary in order for the prevailing party to have obtained competent counsel if a multiplier is to be imposed on the nonprevailing party." Simmons v. Royal Floral Distribs., Inc., 724 So. 2d 99, 99 (Fla. 4th DCA 1998).

It is undisputed that Defendants did not enter into a contingent fee arrangement with their counsel. Therefore any multiplier is improper even if Defendants' inability to pay their attorneys were somehow to be considered as a factor here (something OneSource submits would be improper). There is simply no record or other support for the proposition that Defendants would have needed a contingency arrangement in order to secure defense counsel. To the contrary, the fact that Defendants obtained (competent) counsel without the need for such an arrangement defeats Defendants' position. The reasoning for any enhancement is therefore absent in this case.

**B.     Defendants are Not the Sole Prevailing Party in This Case**

Defendants' position as to the prevailing party issue is confused. Initially, Defendants cite to authority which purports to establish that Defendants should be deemed the prevailing party at trial and that "only one party is entitled to attorneys' fees pursuant to a

prevailing party fee provision when litigation involves alternative theories of liability for the same wrong." Id. at p. 5 (citing Davis v. Nat'l Med. Enter., Inc., 253 F.3d 1314, 1319-20 (11th Cir. 2001)). Defendants later assert in conclusory fashion that "Defendants are the prevailing party in this action." Id. at p. 6.

Defendants then claim that fees "incurred in relation to Mr. Mosbach's unsuccessful counterclaim have been deducted from the hours expended and are not sought by the Motion." Id. at p. 12 n.7. Defendants also assert that "much, if not all, of Defendants' counsel's time was devoted to the litigation as a whole and the hours expended cannot be divided on a claim-by-claim basis." [D.E. 180 at p. 4 n.2].

It appears then that Defendants claim to be the sole prevailing party in this case, yet they claim to have already deducted from their claim (something they also claim could not be done) those fees related to a claim in which they admit they did not prevail. OneSource is at a loss to address such inconsistent positions, and submits that this confusion casts doubt over the validity of Defendants' claim.

In addition to the inconsistencies in Defendants' factual position, the legal authority cited by Defendants runs contrary to their claims. In Davis, the Eleventh Circuit held that where claims are "separate and distinct and would support an independent action . . . the prevailing party on each distinct claim is entitled to an award of attorneys' fees for those fees generated in connection with that claim." Davis, 253 F.3d at 1320. Despite their claim that "much, if not all, of Defendants' counsel's time was devoted to the litigation as a whole and the hours expended cannot be divided on a claim-by-claim basis," Defendants concede that OneSource prevailed on Defendant Mosbach's counterclaim for breach of contract, which was "distinct and unrelated to the other claims." [D.E. 180 at p. 6; see also D.E. 180 at p. 12 n.7].

Accordingly, Defendants essentially refute their own claim that they are the sole prevailing party in this action and acknowledge that OneSource is the prevailing party on, at a minimum, Defendant Mosbach's Counterclaim. As discussed in OneSource's Motion for Attorneys' Fees and Costs [D.E. 176], as prevailing party on Mosbach's Counterclaim, OneSource is entitled to recover its attorneys' fees pursuant to Fla. Stat. § 448.08.

OneSource also contends that it should be deemed the prevailing party with regard to its claim that Defendant Mosbach breached the Confidentiality and Non-Solicitation Agreement, inasmuch as the jury clearly found that Defendant Mosbach breached the Agreement as OneSource alleged. [See D.E. 148]. As discussed elsewhere [See D.E. 172, 179], the jury's verdict on this issue renders OneSource the prevailing party on its breach of contract claim against Mosbach.[8]

Moreover, the Davis decision does not stand for the proposition claimed by Defendants that the jury's verdicts in their favor as to OneSource's claims for tortious interference and misappropriation of trade secrets render them the sole prevailing party. To the contrary, OneSource has found no legal authority for the proposition that the claims brought by OneSource are not sufficiently separate and distinct so as to support an independent action. Consequently, Defendant's claims for fees should be reduced accordingly. Even if the Court accepts as true Defendants' arguments that it is impossible to divide the hours spent by Defense counsel on a claim-by-claim basis, OneSource submits that it would be necessary to reduce Defendants' claim for fees (before the inapplicable enhancement claimed by Defendants) by at

---

[8] OneSource also notes its pending Motions under Rule 60(a) and under Rule 50(b) and 59 for Judgment as a Matter of Law and/or for New Trial and contends, for the reasons set forth therein, that it should be deemed the prevailing party with regard to its breach of contract claim against Defendant Fuchs as well as its claims for tortious interference and breach of the Florida Trade Secrets Act against all Defendants. [See D.E. 173 and 179].

least 1/3, should the Court find, as OneSource claims, that Plaintiff prevailed in at least two of the six causes of action at issue in this case.

### C. Defendants' Assertions and/or Misrepresentations in the Motion Cast Doubt on Validity of Claim for Fees

Finally, OneSource notes that Defendants seem to be claiming fees for activities that were not performed in the litigation of this case. For example, Defendants claim that "over twenty-five (25) depositions were taken," [D.E. 180 at 12], when in fact <u>only twenty depositions</u> were taken in this case. Moreover, Defendants seem to claim to have filed opposition to all five motions *in limine* filed by OneSource, when in fact Defendants <u>did not file</u> an opposition to OneSource's Motion in Limine to Exclude Certain Evidence regarding Unpaid Wages Beyond the Applicable Statute of Limitations, Pursuant to Fed. R. Evidence 401, 402, and 403 [D.E. 83], <u>or</u> to OneSource's Motion in Limine to Exclude Certain Evidence Regarding the Selective Enforcement of Restrictive Covenants and Waiver [D.E. 84].

Furthermore, Defendants assert that "the hours expended cannot be divided on a claim-by-claim basis" and that they are the sole prevailing party, yet also assert (without verification) that they have already deducted those hours related to their unsuccessful defense of Mosbach's counterclaim. Because Defendants have not submitted a detailed record of hours spent on each claimed activity, OneSource cannot ascertain whether Defendants in fact claim fees for tasks that were clearly not performed, or whether those hours expended on the defense of Mosbach's counterclaim were indeed subtracted. To the extent they do, however, Defendant's clam for fees must be reduced accordingly.

WHEREFORE, OneSource respectfully requests that this Court deny Defendants' request for an enhancement of any amount of attorneys' fees to which the Court may deem Defendants are entitled; reduce Defendants' claims for attorney's fees to the extent they include

CASE NO. 2:05-cv-525-Ft.M-34DNF

time for tasks that were not performed; and find that Defendants are not the sole prevailing party in this action, awarding attorneys' fees and costs to OneSource on such claims as OneSource is deemed the prevailing party, as well as such other and further relief as this Court deems appropriate under the circumstances.

Dated this 6th day of December, 2007.

Respectfully submitted,

s/Thomas Mead Santoro
Thomas Mead Santoro, Esq.
Florida Bar No. 829722
Trial Counsel
*santorot@jacksonlewis.com*
David E. Block, Esq
Florida Bar Number: 0108820
*blockd@jacksonlewis.com*
Pedro J. Torres-Díaz, Esq.
Florida Bar No. 0019327
*torresp@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
Miami, Florida 33131
Tel: (305) 577-7600
Fax: (305) 343-4466

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Certificate of Service has been electronically filed this with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Vicky L. Sproat, Esq., and Luis E. Rivera II, Esq., 1715 Monroe Street, P.O. Box 280, Fort Myers, FL 33902-0208 this 6th day of December, 2007.

s/Pedro J. Torres-Díaz
Pedro J. Torres-Díaz, Esq.

# EXHIBIT A

05/02/2006 TUE 15:07 FAX 239 344 1200 Henderson Franklin ⌀011/023



# Henderson|Franklin
## ATTORNEYS AT LAW

1715 Monroe Street
Post Office Box 280 •Fort Myers, FL 33902-0280
Tel: 239.344.1100• Fax: 239.344.1200• www.henlaw.com

Bonita Springs • Sanibel

Reply to
Vicki L. Sproat
Board Certified Civil Trial Lawyer
Direct Dial Number 239.344.1230
E-Mail: vicki.sproat@henlaw.com

November 2, 2005

Robert Mosbach
Sherri Fuchs
Gulfshore Facility Services, Inc.
10451 Jef Nik Lane
Bonita Springs, Florida 34135

      Re:    Alleged Violations of Confidentiality and Non-Solicitation Agreements with OneSource Facility Services, Inc.

Dear Robert and Sherri:

This is to confirm that you and your newly formed corporation, Gulfshore Facility Services, Inc., have retained our firm to advise and represent you in connection with claims asserted by your former employer, OneSource Facility Services, Inc. Your retention of our firm follows your receipt of a letter from counsel for OneSource Facility Services, Inc. claiming that you have violated Confidentiality and Non-Solicitation Agreements that you executed during your former employment. The purpose of this letter is to confirm the scope of our representation and the fees, costs, and the responsibilities accepted by Henderson, Franklin.

Our legal fees will be based, in principal part, upon the number of hours spent by attorneys and legal assistants on your behalf. At present, the hourly rate for my services is $250.00. Wherever possible, I will utilize the services of a legal assistant who is currently billed at an hourly rate of $95.00. However, if my hourly rate, or that of a legal assistant increases during the course of this representation, you will be billed at the higher hourly rate for all services performed after the effective date of such increase. You will be promptly notified of any such fee increase.

Costs, such as court costs, court reporter fees, expert fees, long distance phone calls, etc., are in addition to our fees and must be borne by you. We are permitted to advance costs but must bill those costs to you. A list of our charges for costs and disbursements is enclosed.



EXHIBIT
18-Fuchs

Robert Mosbach
Sherri Fuchs
Gulfshore Facility Services, Inc.
November 2, 2005
Page 2

Our practice is to bill and collect on a monthly basis for fees and costs. Our statements are due and payable upon receipt. Fees and costs which remain unpaid after a 30-day period will bear interest at the rate of 1-1/2% per month. You agree to carefully read all billing statements and promptly notify us, in writing, of any claimed errors or discrepancies, within fifteen (15) days from the date of the statement. If we do not hear from you in writing it is presumed that you agree with the correctness, accuracy and fairness of the billing statement.

It is also the practice of this law firm to obtain an advance on our fees and costs. The amount advanced will be deposited into our trust account and shall be applied to the final billing for our services performed in this matter on your behalf. In this case, we have requested an advance deposit for fees in the amount of $2,500.00.

You, at any time, may terminate our relationship upon written notice, and we will immediately cease performing services after receipt of such notice. Of course you will be obligated for the payment of fees due for services rendered and costs incurred prior to such termination.

We may terminate our engagement for the failure by you to pay bills promptly, for any reason permitted under the Rules of Professional Conduct of the state of Florida, or for any other acts or circumstances which in our judgment impair or adversely affect the attorney-client relationship between us or conflict with our professional responsibilities.

It would be appreciated if you would sign below, indicating your acceptance of the above terms and conditions of our firm's representation of you in connection with this matter. I have enclosed an extra copy of this letter for your personal records.

We greatly appreciate this opportunity to represent you and look forward to a pleasant professional relationship.

Very truly yours,

Vicki L. Sproat

VLS/lds
Enclosures

Henderson, Franklin, Starnes & Holt, P.A.

Robert Mosbach
Sherri Fuchs
Gulfshore Facility Services, Inc.
November 2, 2005
Page 3

## ACCEPTANCE OF TERMS AND CONDITIONS

The terms and conditions of the undersigned's engagement of Henderson, Franklin, Starnes & Holt, P.A., described above are acceptable, and the undersigned, hereby agrees to all such terms and conditions.

GULFSHORE FACILITY SERVICES, INC.

Date:_____  By:_____
                                  Robert Mosbach

                               By:_____
                                  Sherri Fuchs

Henderson, Franklin, Starnes & Holt, P.A.

05/02/2006 TUE 15:09 FAX 239 344 1200 Henderson Franklin   ☒014/023

## CLIENT COST CHARGES

Revised:   January 1, 2005

Listed below are the common charges billed to clients for various costs and disbursements (any charges not listed below are billed at cost):

NOTE:  Any cost charged to the firm shall be indicated by an account code of 50000/0.

**Telephone Charges:**

    Local & Long Distance .................................................  no charge
    Overseas ....................................................................  actual cost

**Binding of Materials** ..................................................... $ 2.50  up to 1" binder
    ......................................................................................  3.00  for 1" to 2" binder

**Photocopy** ....................................................................  .25  per page

**Poster Printer Sheets** ................................................  5.00  per sheet

**Poster Foam Board** ...................................................  7.00  per board

**Mileage** ........................................................................  .485 per mile

**Facsimile Charges:**

    Local Outgoing — E1044 ............................................  .25  each page
    Long Distance Outgoing — E1045 ..............................  1.00  per page

**Postage** ........................................................................  U.S. Post Office rates

**Delivery Services:**

    Support Services Messenger Delivery ......................  6.00
    Support Services Messenger Delivery Rush
       (one hour or less) ..................................................  9.00
    Federal Express (Standard Next Day Letter) ............  zone rate
    UPS (Standard Next Day Letter) ................................  zone rate
    Other Shipments ........................................................  charged at cost
    Closed File Retrieval ..................................................  7.00
    Closed File Retrieval — Same Day ............................  50.00

**Computer-Aided Services:**
    WESTLAW ..................................................................  actual costs incurred



Henderson|Franklin
ATTORNEYS AT LAW

1715 Monroe Street
Post Office Box 280 •Fort Myers, FL 33902-0280
Tel: 239.344.1100 • Fax: 239.344.1200 • www.henlaw.com

Bonita Springs • Sanibel

## HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
## BILLING AND COLLECTION POLICY

It is the policy of HENDERSON, FRANKLIN, STARNES & HOLT, P.A. (the "Firm"), to issue statements for attorneys' fees and costs on a monthly basis. All statements are due and payable upon receipt by the client. Any statement not paid in full within 30 days from your receipt of it shall bear interest at the maximum rate allowed by law.

In the event that an account balance remains unpaid for more than 30 days, the Firm shall have the right, subject to applicable legal and ethical rules, to discontinue the rendition of services until the account balance has been brought current.

All hourly rates quoted for attorneys and paralegals are the rates in effect at the time the Firm is retained by the client for a particular matter. Such rates are subject to periodic review and adjustment by the Firm. The minimum billing increment for any activity or service is one-tenth of an hour.

Costs include, but are not necessarily limited to, fees and charges for: filing pleadings; court reporters' services; subpoenas; service of pleadings and subpoenas; postage; faxes; photocopies; mileage; expert witness fees; mediator fees; and other costs and expenses incurred by the Firm. The charges for such costs are at the rates quoted on the attached page. If a rate is not quoted for a specific item, the charge will be the actual cost incurred.

Questions about the Firm's Billing and Collection Policy are encouraged. All clients should feel free to clarify any questions they may have concerning their fee arrangement with the Firm, or in relation to any specific bill they may receive.

Henderson, Franklin, Starnes & Holt, P.A.