UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ONESOURCE FACILITY SERVICES, INC.,

    Plaintiff,

v.                                                           CASE NO.  2:05-cv-525-FtM-34DNF

ROBERT G. MOSBACH, SHERRI L.
FUCHS, and GULFSHORE FACILITY
SERVICES, INC., a Florida corporation,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION**

Defendants Robert G. Mosbach ("Mosbach"), Sherri L. Fuchs ("Fuchs"), and Gulfshore Services, Inc. ("Gulfshore"), submit the following Memorandum of Law in Opposition to Plaintiff's Motion for a Permanent Injunction:

**I.  Relevant Background.**

Plaintiff filed a three-count Verified Amended Complaint for Injunctive Relief and Damages (Doc. 28-1).  In Count I of its Amended Complaint, OneSource Facility Services, Inc. ("OneSource") sought injunctive relief and damages from Defendants for alleged violations of the Confidentiality and Non-Solicitation Agreements ("Restrictive Agreements") which Mosbach and Fuchs entered into separately while employed by OneSource and which were enforceable for 18 months ("Restrictive Period") following the termination of Defendant Mosbach's and Fuchs' respective employment. (Doc. 28-1, ¶ 125).  In Count II of the Amended Complaint, OneSource sought injunctive relief and damages from Defendants for allegedly misappropriating OneSource's trade secrets during a period prior to and after the termination of Mosbach and Fuchs' employment

with OneSource (Doc. 28-1, ¶ 131).  In Count III of the Amended Complaint, OneSource sought injunctive relief and damages from Defendants for allegedly tortiously interfering with OneSource's business relationships with its customers during a period prior to and after the termination of Mosbach and Fuchs' employment with OneSource (Doc. 28-1, ¶ 138).

This case went to trial by jury on October 9, 2007, and concluded on October 19, 2007.  Prior to testimony at trial, counsel for Plaintiff and counsel for Defendants agreed that all matters at issue would be decided by the jury, less and excepting the issue of injunctive relief, an equitable claim which both parties agreed properly would be decided by the Court.  In its Special Interrogatories and Verdict Form (Doc. 148), the jury found in favor of Defendants on all of Plaintiff's claims, as well as Defendant Fuchs' Counterclaim for violation of the Fair Labor Standards Act.  This Court thereafter filed its Judgment (Doc. 171), accurately therein reflecting the findings of the jury.

Plaintiff now argues, in its Motion for a Permanent Injunction, entitlement to a new 18-month Restrictive Period to enforce the terms of the Restrictive Agreements for which the original Restrictive Period expired April 7, 2007.  Plaintiff makes no argument for injunctive relief under its Count II or III claims, but rather Plaintiff couches its entitlement to injunctive relief solely upon the jury's findings as to Count I, with respect to Defendant Mosbach.  Specifically, Plaintiff argues entitlement to injunctive relief exclusively as against Defendant Mosbach, in light of the jury's findings that Defendant Mosbach breached the Restrictive Covenants and that said breach was without excuse (Doc. 175, ¶ 5-6).

II. **Plaintiff is not entitled to a permanent injunction, as Plaintiff failed to prove the elements necessary to obtain relief on its Count I claim against Defendant Mosbach.**

As prima facie elements to prove its claim for breach of the Restrictive Covenants (Count I) against Defendant Mosbach, OneSource not only must have proved by a preponderance of the evidence that Defendant Mosbach breached the Restrictive Covenants without excuse, but also that said breach was the <u>legal</u> <u>cause</u> of the damages claimed by OneSource. <u>Florida Standard Jury Instruction</u>, MI 12.1 Breach of Contract–Existence of Contract Admitted (Terms Unambiguous) (2006). Specifically, in the Court's Instructions to the Jury (Doc. 147), Jury Instruction No. 9 states as follows:

> In order to **prevail** on Count I, the breach of contract claim, Plaintiff must prove the following facts by a preponderance of the evidence:
>
> <u>First</u>: The existence of a valid contract;
>
> <u>Second</u>: That Defendant Fuchs and/of Defendant Mosbach breached the contract; and
>
> <u>Third</u>: That such breach was the legal cause of damages sustained by Plaintiff.

(Doc. 147, p. 10) (emphasis added). Plaintiff neither objected to this instruction nor objected to the corresponding Questions 1-5 of the Special Interrogatories and Verdict Form (Doc. 148). Despite never voicing an objection to the form of either the above-quoted Instruction or Questions 1-5 of the Verdict Form, Plaintiff argues in its Motion for a Permanent Injunction, just as it has argued in most of its other post-trial motions, that it is inconsequential that Plaintiff failed to prove the Third element of its claim, and Plaintiff should, therefore, still be found as the prevailing party and entitled to judgment and recovery for same. This argument is fatally flawed.

Supportive of the form of Jury Instruction No. 9 is this Court's holding in <u>Butterworth v. Quick & Reilly</u>, 998 F. Supp. 1404 (M.D. Fla. 1998), wherein this Court stated "[t]he necessary elements to recover for a breach of contract claim in Florida are: (1) the existence of a contract; (2) a breach thereof; and (3) damages **flowing** from the breach." Id. at 1410 (emphasis added) (citing <u>Boin v. National Data Products, Inc.</u> 932 F. Supp. 1402, 1405 (M.D. Fla. 1996); and <u>Knowles v. C.I.T. Corp.</u>, 346 So. 2d 1402 (Fla. Dist. Ct. App. 1997)). More specifically, this Court, in <u>Jadael Inc. v. Elliott</u>, 2007 WL 2480387 (M.D. Fla. Aug. 29, 2007), held "a plaintiff may recover only if the damages were a proximate result of the breach." <u>Id.</u> at *11 (quoting <u>Chipman v. Chonin</u>, 597 So. 2d 363, 364 (Fla. Dist. Ct. App. 1992)).

While the jury did, in fact, find both that (1) a valid contract was in existence (Doc. 148, questions 1 and 2), and (2) Robert Mosbach breached the contract without excuse (Doc. 148, questions 3 and 4), the jury <u>did not</u> find that (3) damages flowed from the breach (Doc. 148, question 5). Where, as in the case at bar, the jury finds no causal nexus between the breach and the damages claimed, the necessary elements of Plaintiff's breach of contract claim are not proven. "It is well settled that where claims at law and in equity are joined and the legal claims are tried separately by a jury, the jury's verdict operates as a finding of fact binding upon the trial court in its determination of the equitable claims." <u>BUC Intern. Corp. v. International Yacht Council Ltd.</u>, 489 F. 3d 1129, 1151 (11th Cir. 2007) (quoting <u>Dybczak v. Tuskegee Inst.</u>, 737 F. 2d 1542, 1526-27 (11th Cir. 1984). As the jury's finding of fact binds the Court in its decision of whether to award injunctive relief, and because the jury in the present matter found

Plaintiff failed to prove the elements necessary to prevail on Count I against Defendant Mosbach, the Court now is precluded from awarding injunctive relief in this matter.

### III. Plaintiff is not entitled to a permanent injunction, as Plaintiff failed to establish irreparable injury or lack of adequate remedy at law.

This Court, in Tucker v. Citigroup Global Markets Inc., 2007 WL 2071502 (M.D. Fla. July 17, 2007), succinctly stated the standard for awarding injunctive relief as follows:

> "To state a cause of action for injunctive relief in Florida, a plaintiff must allege ultimate facts which, if true, would establish (1) irreparable injury [], (2) a clear legal right, (3) lack of an adequate remedy at law and (4) that the requested injunction would not be contrary to the interest of the public generally."

Id. at *6 (quoting Weekly v. Pace Assembly Ministries, Inc., 671 So. 2d 220, 220 (Fla. Dist. Ct. App. 1996)).

With respect to (1) and (3), above, it is often and accurately stated "that an injunction is an extraordinary remedy which will issue only to prevent irreparable injury-- that is, injury for which there is no adequate remedy at law." Tucker, at *6 (quoting City of Coral Springs v. Florida Nat'l Props., Inc. 340 So. 2d 1271, 1272 (Fla. Dist. Ct. App. 1976)). Plaintiff, on numerous occasions during the course of trial, proffered and/or attempted to proffer evidence of quantifiable damages resulting from Defendant Mosbach's alleged breach of the Restrictive Agreements. Pursuant to Plaintiff's proposed (but excluded) Exhibit 91 and Mr. Persinger's testimony at trial, OneSource claimed damages in the form of lost profits for 18 months after the cancellation of each of the disputed customers. Specifically, Mr. Persinger quantified the alleged damages with particularity, testifying damages were calculated to be $381,435.00. This testimony, providing an exact dollar figure that would make Plaintiff whole, cuts directly

against the elements of irreparable injury and lack of adequate remedy at law, both of which first must be established for Plaintiff to be awarded any injunctive relief.

Plaintiff partially quotes, within its Motion for a Permanent Injunction, Section 542.335(1)(j), Fla. Stat. (2007), as providing "[a] court shall enforce a restrictive covenant by any appropriate and effective remedy, including, but not limited to, temporary and permanent injunctions." (Doc. 175, p. 3) While this quote is accurate, Section 542.335(1)(j), Fla. Stat. (2007), goes on to state that "[t]he violation of an enforceable restrictive covenant creates a rebuttable presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." (emphasis added). Where damages can readily be calculated, the presumption of irreparable injury is rebutted, and denial of injunctive relief is proper. See First Miami Securities, Inc. v. Bell, 758 So. 2d 1229 (Fla. Dist. Ct. App. 2000); 3299 North Federal Highway, Inc. v. Board of County Commissioners of Broward County, 646 So. 2d 215 (Fla. Dist. Ct. App. 1994); and South Florida Limousines, Inc. v. Broward County Aviation Department, 512 So.2d 1059 (Fla. Dist. Ct. App. 1987).

Further, as this Court held in Tucker, "injunctive relief is wholly inappropriate as a means to remedy what has already occurred." 2007 WL 2071502 at *7. In the instant action, whatever damages could have occurred during the enforceable Restrictive Period already occurred as of the date of trial, as the Restrictive Period terminated on April 7, 2007. The jury found that Plaintiff was not damaged by Defendant Mosbach's breach of the Restrictive Covenants (Doc. 148, question 5). Since the jury found no damages were caused by Defendant Mosbach's breach of the Restrictive Covenants,

Plaintiff cannot, in good faith, argue to the Court that it has proven <u>irreparable</u> injury, as is required for the imposition of injunctive relief.

IV. **Assuming, for the sake of argument, Plaintiff fully proved its Count I claim against Defendant Mosbach and further proved irreparable injury and lack of adequate remedy at law, Plaintiff still would not be entitled to a new Restrictive Period.**

Plaintiff argues in its Motion for a Permanent Injunction that "the 18-month permanent injunction sought by OneSource should commence on the date the Court enters an Order granting the injunction" (Doc. 175 at p. 3) and cites in support thereof <u>Capelouto v. Orkin Exterminating Co. of Florida, Inc.</u>, 183 So. 2d 532, 534 (Fla. 1966). <u>Capelouto</u> is easily distinguished from the case at bar, for a variety of reasons.

First, the <u>Capelouto</u> Court affirmed an *extension* of the original restrictive period, as opposed to Plaintiff's present request to instate a *new* restrictive period. In <u>Capelouto</u>, the relevant restrictive period was designed to run for two years, beginning May 1, 1964, but the chancellor enjoined the breaching party for competing for two years commencing March 1, 1965. <u>Id.</u> at 534, 535. This is different from the case at bar, wherein the Plaintiff, despite its initial pleadings for preliminary injunctive relief, failed to seek injunctive relief until over six months after the expiration of the Restrictive Period.

Second, the <u>Capelouto</u> Court affirmed the extension of the original restrictive period, in part, if not entirely, because damages could not be proven with any degree of certainty in the underlying case. <u>Id.</u> at 535. In the present action, damages were proffered with extraordinary certainty by Mr. Persinger, who testified damages were calculated as being precisely $381,435.00.

A more apt comparison is made to the present matter by analyzing the holding of Sunbelt Rentals, Inc. v. Dirienzo, 487 F. Supp. 2d 1361 (S.D. Fla. 2007). In Dirienzo, the Court denied reconsideration of the Magistrate's refusal to extend an injunction beyond the designed restrictive period of six months. In so holding, the Court interpreted the Capelouto ruling to permit, but not to require, an injunction to run from the time of entry of the Court's Order. Id. at 1363. In finding an extension inappropriate in the Dirienzo case, the Court cited the Magistrate's determination that "the verifiable, concrete harm occasioned by Defendant's employment at Volvo is relatively little" (Id. at 1363 (citation omitted)), and further held that "it appears that Plaintiff can be adequately compensated by damages" without such an extension. Id. at 1364. These facts and application are consistent with the present matter, wherein the jury found that Defendant Mosbach was the legal cause of no harm (Doc. 148, question 5), and where, if harm had been proven, the jury easily could have compensated Plaintiff by damages, as Plaintiff offered precise testimony of its alleged losses.

**V.     Conclusion.**

Based upon the jury's finding of fact, Plaintiff not only failed to prove OneSource sustained irreparable injury, but it failed to prove OneSource sustained any injury, as a result of Defendant Mosbach's breach of Restrictive Covenants. As Plaintiff failed to prove elements of its breach of Restrictive Covenants claim and further failed to prove the existence of irreparable injury, as is required for granting of injunctive relief, Plaintiff's Motion for a Permanent Injunction should be denied. For these and all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for a Permanent Injunction.

Respectfully submitted,

HENDERSON FRANKLIN STARNES & HOLT, P.A.

s/Vicki L. Sproat
Vicki L. Sproat
Florida Bar No. 0304751
Post Office Box 280
Fort Myers, FL 33902-0280
(239) 344-1100 Telephone
(239) 344-1200 Facsimile
E-mail: vicki.sproat @henlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 6, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Thomas Mead Santoro, Esq. and David E. Block, Esq.

s/Vicki L. Sproat
Vicki L. Sproat